(798 P.2d 949)
No. 64,860

Kansas Workers Compensation Fund, *Appellant*, v. W. F. Anderson Co. and Bituminous Insurance Co., *Appellee*.

Opinion filed September 28, 1990.

W. *Robert Alderson*, of Alderson, Alderson, Montgomery & Newbery, of Topeka, for the appellant.

*Mark E. Kolich*, of Mustain, Higgins, Kolich, Lysaught & Tomasic, Chartered, of Kansas City, for the appellees.

Before BRAZIL, P.J., RULON and LEWIS, JJ.

LEWIS, J.: The Kansas Workers Compensation Fund (Fund) appeals the decision of the district court apportioning a settled compensation award between the Fund and the respondent.

This is the second occasion we have confronted an appeal in this particular workers compensation claim. On the first appeal, we reversed the district court and, after our review on this second occasion, we have no choice but to reverse again.

The claimant is not a party to this appeal, nor was he a party to the first appeal. The question of how much workers compensation claimant would receive for his injuries was settled in 1986. Since that time, the litigation has continued between the Fund and the respondent on the issue of the Fund's liability.

The facts indicate the claimant suffered an injury to his back while working for respondent on July 20, 1984. On July 25, 1984, he suffered yet another injury. The parties negotiated a settlement figure of $27,500, and this amount was stipulated to be reasonable and appropriate by the Fund. While agreeing to the total settlement figure, the Fund denied any liability and reserved the right to litigate the issue of its liability.

Subsequent to the settlement hearing, the Fund and the respondent proceeded to litigate the issue of the Fund's liability.

It was ultimately determined by the Administrative Law Judge (ALJ), the director, and the trial court that claimant had sustained a zero to five percent functional disability after the first accident and a ten percent functional disability overall after the second accident. Based on these determinations, the trial court found that the Fund was responsible for 100 percent of the $27,500 settlement figure. The Fund appealed that decision.

On appeal, we reversed. We did so on the basis of the decisions in *Brozek v. Lincoln County Highway Dept.*, 10 Kan. App. 2d 319, 689 P.2d 392 (1985), and *Spencer v. Daniel Constr. Co.*, 4 Kan. App. 2d 613, 609 P.2d 687, *rev. denied* 228 Kan. 807 (1980). We remanded, instructing the trial court to make findings comparing disability figures before and after the second injury and to make awards for each injury. Our conclusions and instructions to the trial court in that case, No. 63,175, unpublished opinion filed August 25, 1989, were as follows: .

"The trial court should have compared disability figures before and after the second injury to determine the proportion of the total cost of the award attributable to the second injury. Derrig suffered a 0-5 percent functional disability following the first accident and a 10 percent functional disability following the second accident. Also, there is no finding as to the work disability Derrig suffered following the second accident.

"Because the trial court stated a range of functional disability suffered by Derrig after the first accident and because there is no finding regarding work disability, this case must be remanded for determination of the difference in functional disability and for the entry of separate awards.

"Reversed and remanded for the entry of separate awards."

The trial court was not, however, reversed on at least two issues which we deemed to have been decided on the first appeal: (1) The claimant's functional disability was ten percent permanent partial general bodily disability, and (2) the second injury would not have occurred but for the first injury, making the Fund liable for 100 percent of the compensation due as a result of the second injury. *Brozek*, 10 Kan. App. 2d 319; *Spencer*, 4 Kan. App. 2d 613.

On remand, the trial court, pursuant to our direction, found that, as a result of the first injury, claimant sustained a permanent partial general bodily disability of 2.5 percent. Overall, the total disability was ten percent, making the second injury responsible for a partial general bodily disability of 7.5 percent. Based on

these findings, the trial court apportioned 25 percent of the medical expenses and other costs to respondent and 75 percent of those medical expenses and other costs to the Fund. This apportionment is not questioned by the Fund.

The trial court was instructed to compare disability figures before and after the second injury to determine the proportion of the total cost of the award attributable to the second injury. There is no question but that the trial court properly made findings to compare disability figures before and after the second injury. The difficulty is with the trial court's apportionment of the $27,500 settlement award between the Fund and the respondent. In making this apportionment, the trial court ignored the settlement figure in determining the respondent's liability. The court determined the respondent's liability by using the mathematical formula contained in K.S.A. 1989 Supp. 44-510e as if the trial court were making an original award of compensation. The claimant's average weekly wage was agreed to be $360, and the court computed the amount owed by the respondent for the first injury as follows: $360 × .667 = $240 × 0.025 × 415 = $2,490.

After having computed the above assessment as the responsibility of the respondent and without making any calculations as to the second injury, the trial court assessed the balance of the settlement figure, $25,010, to the Fund. That assessment is incorrect and requires that we reverse and remand.

We do so even though, interestingly enough, both parties insist that the trial court made the correct calculations. The respondent does so because it finds the results to its liking. The Fund does so because it wants any award against it determined in the same manner as the trial court determined the award against respondent. This result would not be nearly as pleasing to respondent.

The law in apportioning an award of compensation between a respondent and the Fund has been thoroughly dissected and explained in *Brozek* and *Spencer*. These two cases very clearly state that the Fund is liable for only the proportion of the cost of the award attributable to the second injury, and then only to the extent the second injury was contributed to by the preexisting impairment. *Spencer*, 4 Kan. App. 2d at 620. Indeed, even though the Fund may be liable for 100 percent of the impairment

due to the second injury, it cannot be required to pay any part of the compensation due solely to the first injury. In this case, the Fund is liable for 100 percent of the second injury but cannot be responsible for more than the proportion the second injury contributes to the total disability caused by both injuries.

In this case, the total disability is ten percent permanent partial general bodily disability. In using the trial court's comparison of disability figures, the second injury, for which the Fund is 100 percent responsible, contributed 7.5 percent of that disability and the first injury contributed 2.5 percent. It takes no mathematician to determine that the Fund cannot, under any circumstances, be responsible for more than 75 percent of the total award for both injuries. The apportionment by the district court results in the Fund being responsible for paying 90.95 percent of the total award. Since the second injury is responsible for no more than 75 percent of the total disability, it follows that the apportionment by the district court is in error.

The Fund, despite our conclusion to the contrary, argues that the district court properly computed the award to respondent and argues that the court should compute its liability for claimant's disability in the same fashion. The one exception, the Fund argues, is that we should use 317.29 weeks in the computation, which it arrives at by subtracting from the 415 weeks maximum 97.71 weeks of temporary total disability that the Fund has already paid. Assuming that the Fund is correct on the number of weeks to be used in the calculation, it would calculate its liability as follows: $360 \times .667 = 240 \times 0.075 \times 317.29 = $5,711.20.

If the trial court's computation of the liability of the respondent was correct, it seems only fair to compute the liability of the Fund in the same manner. When we do so, however, instead of apportioning the entire settlement of $27,500, we have only computed an entire award of $8,201.20. Since the claimant settled for total compensation of $27,500, we have, by this method, come up short $19,298.80, which is still owed to the claimant. Presumably the burden of paying that amount would fall to the respondent and its carrier, who agreed to pay claimant $27,500. Under this scenario, the computations result in respondent paying

a total of $21,788 of the settled award, which is approximately 79 percent of the total compensation settled for.

It is apparent that a settled award of compensation cannot be apportioned in this manner. To attempt to apportion a settled award by using the formula set out in K.S.A. 1989 Supp. 44-510e is not possible. The only realities in this case are the percentage functional disabilities and the settlement award total. The statutory formula established by 44-510e has no application.

As we perceive it, the trial court's approach to the problem is called for in cases in which the amount of compensation remains an issue. In the instant matter, the total amount of compensation was long ago settled by the parties. The only issue remaining was the apportionment of the $27,500 settled compensation award between the first and the second injury. This apportionment is done by comparing disability figures before and after the second injury and then using those percentages not to award compensation, but to apportion the compensation already agreed upon. This is the only method, to our knowledge, by which a settled award may be apportioned on a basis which complies with the established law of this state.

We hold that in the instant matter in comparing the disability figures it is apparent that the first injury caused 25 percent of the claimant's total disability, and the second injury caused 75 percent of the claimant's disability. Under settled law, the Fund cannot be held responsible for more than the proportion to which the second injury contributes to the total disability. Accordingly, the appropriate award is to be calculated in the following manner: (a) $27,500 times 25 percent equals respondent's liability of $6,875; (b) $27,500 times 75 percent equals the Fund's liability, or $20,625.

This is the only method by which a proper apportionment can be made in a case where the total compensation is agreed to. In this case, the total compensation figure was unrelated to actual disability and was stipulated to by all of the parties.

The Fund's argument might be persuasive if it had not agreed to the award of $27,500. There is no question in our minds but that the Fund did agree to that, despite its efforts to avoid admitting it. In the settlement hearing, the Fund was represented

by W. Robert Alderson. After counsel for the respondent had announced the settlement figure, we find the following:

"Mr. Alderson: Your Honor, the worksheet and Mr. Mustain's comments are in fact correct that the Workers' Compensation Fund *has stipulated that the settlement amount and the basis for the settlement is reasonable.*

"I would like the record to reflect that by—by those stipulations the Fund does not agree or stipulate to the fact of there being two separate accidents; that that is a matter that is still at issue as regards the respondent and its insurance carrier and the Fund.

"Secondly, I want the record to reflect that from this date forward, the Fund, and we have so advised Mr. Mustain, will seek recovery of attorney's fees in the event the Fund is *not found liable for any or all of this award."* (Emphasis added.)

The Fund argues that it did not participate in the settlement hearing and was nothing more than an innocent bystander. The record clearly indicates otherwise. The Fund stipulated that the settlement amount and the basis for that amount were reasonable. Its attorney announced it would seek attorney fees if it were not found liable for "any or all of this award." It is apparent that "this award" refers to the award of $27,500. The record indicates that the Fund led the respondent, its carrier, and the ALJ to believe that the amount of compensation had been settled. The Fund indicated that it had agreed to the award and was only going to litigate whether it was liable for any portion of that award. Having done so, the Fund cannot later attempt to ignore the settlement reached and insist that its liability be determined on the basis of the *actual disability found.* The *actual disability found* has nothing to do with the amount of compensation agreed to be paid in this case. It has only to do with the apportionment of the settlement award of $27,500. To permit the Fund to proceed as if the settlement had never happened would be grossly unfair to the respondent and its carrier. In *Arrowhead Constr. Co. v. Essex Corp.,* 233 Kan. 241, Syl. ¶ 4, 662 P.2d 1195 (1983), the Supreme Court said: "As a general rule parties to an action are bound by their pleadings and judicial declarations and are estopped to deny or contradict them where the other parties to the action relied thereon and changed their position by reason thereof."

In the present controversy, the respondent and its carrier assumed the issue of compensation had been settled. They were

led to believe that the Fund only intended to litigate its share of the settled compensation. We will not permit the Fund to change its position by arguing that it is only liable for the disability found by the court computed pursuant to 44-510e. That position completely changes the action and converts it into an action for compensation instead of one in which the amount of compensation has been settled.

The respondent has argued that the Fund's appeal was frivolous and that it should be awarded attorney fees. In view of our decision in favor of the Fund, the respondent's request for attorney fees is denied.

This case is reversed and remanded to the trial court with instructions to apportion the $27,500 compensation settlement figure on a basis of 25 percent to respondent and 75 percent to the Fund, which is the same manner in which the medical expenses and other costs were apportioned.

Reversed and remanded with instructions.